In the Matter of BARNETT L. BECKER, Petitioner, against JAMES M. POWER et al., as Commissioners of Elections, Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 7, 1954.

*Gordon I. Novod* and *Harold I. Panken* for petitioner.

*Adrian P. Burke, Corporation Counsel* (*Thomas W. A. Crowe* of counsel), for James M. Power and others, constituting the Board of Elections, respondents.

*Gabriel 1. Levy* and *Daniel M. Kelly,* in person, for Daniel M. Kelly, respondent appearing specially.

*Arthur Braun* and *Leon Braun* for Harry Uviller and others, as Committee to Fill Vacancies of Liberal Party, respondents.

MATTHEW M. LEVY, J. (Dictated on the record.) After the rendition of my decision the other day sustaining the respondent candidate's special appearance, the petitioner asked for leave to proceed on the merits. In view of the summary nature of the proceeding, of the imminence of the primary election, of the advisability therefore of having the entire record before the appellate court, and of the precedent heretofore established in that regard (*Matter of Altounian* v. *Heffernan,* N. Y. L. J., July 16, 1947, p. 92, col. 7; *Matter of Altounian* v. *Heffernan,* N. Y. L. J., July 22, 1947, p. 125, col. 1 (272 App. Div. 964), I granted the application and directed a hearing before a Referee — over the objection of and with exception to the respondent.

The Referee held hearings on the merits. The respondent did not rest upon his claim of lack of jurisdiction, but participated in the hearings and submitted proof on the contested issues of fact. After the conclusion of the hearings, the Referee arrived at the determination which he has reported to me — that, of the 147 purported signatures filed, only 26 were valid, with 63 being the needed number to designate. He further found many forgeries, that the designating petition was '' permeated with fraud,'' that '' there was no sincere effort made to obtain legitimate signatures,'' and that '' the petitions were under the direct supervision of the '' respondent candidate and his coworkers. Indeed, the Referee reported that the designating '' petitions are admittedly so full of fraud that it is admitted or conceded by the respondents that they are bad and that they should have never been filed.'' The Referee recommended that the void petition be stricken and that the invalid designation based upon it be cancelled.

The situation thus presented appears to me to be quite unusual, and I confess that the problem raised is not — at least for me — easy of resolution.

The attempt by the objector's attorney to invoke the summary jurisdiction of the court to invalidate the designation was held unavailing on the record then before me — and I think properly so. Let me here cite additional chapter and verse in support of my earlier ruling. '' The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising,'' among other matters, '' as to   *   *   *   1. The designation of

any candidate * * * in a proceeding instituted * * * by a person who shall have filed objections " (Election Law, § 330, subd. 1). And such " A special proceeding * * * shall be heard upon a verified petition " (Election Law, § 335). Such " Petitions (in summary judicial proceedings under Sections 330 and 335 of the Election Law) must be verified by the petitioner and not his attorney " (Abrahams on New York Election Law, p. 303; see, also, cases cited in Gassman on Election Law, pp. 403–405). And that was my view, too. I am reminded at this point of an apt remark of an illustrious Master of the Rolls, " ' I may be wrong * * * but I never have any doubts ' " (Sir George Jessel, 167 L. T., p. 453).

It now appears as of record — unequivocally and confessedly — that the designating petition sought to be attacked in this judicial proceeding is clearly inadequate under the law. What should the court do under the circumstances?

When the respondent interposed a special appearance based upon the fact that the objector was not the petitioner, I held that the proceeding was not duly instituted. But the respondent did not rest there. He contested the issue on the merits, and, while his exception to my direction of a hearing on the merits may perhaps have protected him in thus participating, I am of the considered opinion that his confession of invalidity does not. His admission that the designating petition contained insufficient signatures to designate, that it is " full of fraud ", that it is " bad " and " should have never been filed " is, it seems to me, a concession that cannot be ignored by a court which is mandated by law to " make such order as justice may require " (Election Law, § 330).

I deem this admission in open court to be a waiver of the special appearance and tantamount to a stipulation of withdrawal of the objectionable and illegal designating petition and to a consensual order canceling the designation. A final order should be settled accordingly on two hours' notice.

I close this memorandum by saying that I have been unable to find any precedent in support of my present holding, and I am not certain that my view here is correct. I take the liberty of paraphrasing Sir George Jessel's famous comment at this juncture (and I have felt this way on occasion before): " I am in some doubt, but I think I am right." I am moreover secure in the knowledge that the appellate court is — if duly requested and merit be shown (*Matter of Bednarsh* v. *Cohen*, 267 App. Div. 133, 135) — likely to be specially convened to correct my errors, if such they are, and that that court will now have the benefit of having a complete record before it.